## CULP *v.* BURKLE.

[No. 28,219.   Filed November 1, 1946.   Rehearing Denied November 21, 1946.]

*Harry E. Vernon,* of Goshen, for appellant.

*Proctor & Proctor,* of Elkhart, for appellee.

STARR, C. J.—Appellee brought this suit to set aside two certain quit claim deeds which purported to convey certain real estate to the appellant. This complaint was in four paragraphs, two of which were filed at the time the suit was commenced, and the third and fourth paragraphs subsequently thereto.

Paragraphs one and three each sought to set aside a certain deed dated April 2, 1941, and paragraphs two and four a deed dated November 22, 1943. From a judgment setting aside the first mentioned deed and reforming said last mentioned deed and quieting title in each of the parties hereto to certain interests in the real estate involved, this appeal is taken.

The facts in this case disclose that the appellee and her brother Charles Holdeman and sister Maude B. Hardesty were each the owners of an undivided one-third interest in fee simple in and to the real estate described in the complaint by virtue of inheritance from their mother and that appellant was the son of appellee; that at the time this suit was commenced there appeared of record in the recordor's office of the county where the real estate was located, each of the above mentioned quit claim deeds. The first mentioned conveyance purporting to be executed by appellee's sister and her husband conveyed a one-third interest in the said real estate to the appellant, and that the second purported to be a deed executed by appellee dated subsequent to the first mentioned deed and conveying all of appellee's then or after acquired interest in said real estate to the appellant. The theory of the first paragraph of the complaint is that the appellee had purchased her said sister's one-third interest in said real estate and that the sister, along with her husband, had executed a deed to the appellee in conformity with said purchase, which

deed was intrusted by appellee to an attorney for the purpose of having the same recorded which was not done, that the attorney claimed this deed had been lost and that thereafter the sister and her husband, for the purpose of replacing the lost deed, had gone to the attorney's office and executed a new deed for her undivided interest to take the place of the one that had been lost, but due to the mistake or inadvertence of the attorney appellant was named as the grantee therein instead of the appellee.

The third paragraph of complaint does not mention the lost deed referred to in the first paragraph of the complaint but merely alleges the purchase by her of said one-third interest in the real estate from her sister, and that the attorney with the connivance of the appellant had named the appellant as grantee in said deed instead of the appellee; that the appellant was so named as grantee without the consent or knowledge of the appellee and for the purpose of perpetrating a fraud upon her, that in truth and in fact she had purchased the real estate from her sister and that the deed should have named her as grantee, and that the same should be set aside and that her title in said land should be quieted.

The second paragraph of the complaint alleges that on November 22, 1943, the appellee was induced by said attorney to go to his office to sign a document prepared by him which he represented to her was for the purpose of avoiding certain inheritance taxes; that upon her arrival she was given a paper to be signed and acknowledged by her and her husband; that thereupon accompanied by said attorney's secretary she went from his office to her home and there along with her husband

did sign this paper which proved to be a deed for all her interests presently or after acquired in the real estate so inherited by her and her brother and sister from their mother; that she did not know the character and effect of the document she executed and did not intend to convey any of the real estate to appellant by the instrument, and that the same was obtained through misunderstanding on the part of the appellee and through fraud on the part of the appellant.

The fourth paragraph of complaint, after setting out the allegations alleged in the second paragraph thereof, attempts to allege that there was fraud on the part of the appellant in inducing her to execute said document dated November 22, 1943, but wholly fails to show what appellant did which constituted fraud upon the appellee. This paragraph also prays that said deed be set aside and that her title be quieted against the appellant. Neither paragraph of this complaint was tested by demurrer. The appellant filed answer to each paragraph. As no questions are raised as to the propriety of these answers or the admission of proof under the same, it will not be necessary to detail the matters alleged in them.

It is admitted that appellee's mother had died intestate prior to any of the transactions complained of by appellee in her complaint and that she, her brother and sister were the sole heirs of the deceased and as such, each was the owner of an undivided one-third of the real estate left by the mother, and that at the time of the execution of the first purported deed dated April 2, 1941, each continued to be the owner of the portion so inherited by him or her. It is also admitted that appellee, at the time the purported deed from her sister

was executed paid to her sister a cash consideration therefor.

Appellee's evidence was to the effect that appellee was to be named as grantee in said deed executed by her sister and that the name of the appellant was inserted by the scrivener as grantee without her knowledge or consent or without any consideration being paid by the appellant or by anyone on his behalf and that she discovered said mistake shortly before the bringing of this action. Further, that appellee had never intended to execute said deed of November 22, 1943, but that she signed the same through the inducement of the attorney who prepared the same, that the same was a paper which would "avoid the payment of any inheritance tax" and that neither she nor her husband read or knew of the import thereof; and that she had no intention of conveying any of her real estate to the appellant by this paper.

The evidence offered by the appellant was to the effect that he had lived with the mother of appellee, his grandmother, for several years prior to her death and had taken care of her during said time and had farmed the real estate involved herein; that he had done so pursuant to an oral agreement with his mother which provided that in return for his so doing she would, at the death of her mother, obtain the interest of her sister in said real estate and convey that along with her interest to the appellant and that the two deeds in question were made in conformity with and to carry out this agreement; all of which was denied by the appellee.

Upon this evidence the court rendered judgment which, insofar as it is pertinent to this case reads as follows:

"That said deed bearing date of April 2nd, 1941, whereby Maud B. Hardesty and John S. Hardesty,

her husband, purport to have conveyed to defendant, Myron E. Culp, an undivided one-third (⅓) interest in and to said real estate, be, and the same is hereby set aside and decreed to be null and void and of no effect.

"It is further hereby considered and adjudged that the quit-claim deed bearing date of November 22nd, 1943, whereby the plaintiff, Chloe M. Burkle, purports to convey to the defendant Myron E. Culp, all of her then interest in and to said real estate and any subsequently acquired interest therein, be, and is hereby reformed to convey to said defendant, only an undivided one-third (⅓) interest in and to said real estate and not any interest therein acquired by plaintiff subsequent to said date.

"It is further hereby considered and adjudged that the plaintiff's title to an undivided one-third (⅓) interest in and to all of said real estate is hereby quieted in her and defendant is hereby adjudged to have no right, title or interest in or to her undivided one-third (⅓) interest in said real estate.

"It is further hereby adjudged and decreed that defendant's title be and is hereby quieted to an undivided one-third (⅓) interest in and to said real estate and that the plaintiff is adjudged and decreed to have no right, title or interest in his said undivided one-third (⅓) interest."

Appellant by proper assignment contends that the foregoing decision is contrary to law and with this we agree.

Whether or not there was sufficient evidence to show the absence of negligence on the part of the appellee in executing the deed of November 22, 1943, we need not decide.

If, by the first part of this judgment it was meant to be decided that the deed of April 2, 1941, was actually void and of no effect, then the legal title to the third interest therein attempted to be conveyed clearly continued to reside in the grantors. If, however, it was

therein meant to be decided that the deed was void and of no effect only insofar as the appellant was concerned, and that by that deed the appellee became the owner, in equity perhaps, of that one-third interest, the appellee was, on the date she executed the quit claim deed to the appellant, the owner of a two-thirds interest in the real estate. It would seem to us that the judgment in its entirety leans in the latter direction and requires us to indulge that assumption for the purpose of deciding the other feature of the case.

There was no evidence upon which the court could reform the deed of November 22, 1943. Under appellee's evidence this instrument was not a valid conveyance. Appellant's evidence on the other hand was that the same was a conveyance of the entire interest of the appellee. There is nothing in the evidence produced by either party from which an inference could be drawn that there was an intention to convey any interest other or less than the amount said instrument purported to convey. There was no middle ground. The instrument was a valid conveyance operating to transfer all of appellee's interest in the property or it was not valid and operated to convey nothing.

It thus appears that not only is the first portion of the judgment vague and uncertain but the latter part is clearly not supported by any evidence and is, therefore, erroneous.

It is not sufficient to say that no appeal will lie in this case because the party who suffered a loss is not complaining. We can account for this judgment only on the theory that the trial court was trying to "split the difference."

For the errors appearing, and because upon an examination of the entire record it seems apparent that the

ends of justice require that the cause be tried anew, the judgment is reversed and the cause remanded with instructions to sustain appellant's motion for new trial.

NOTE.—Reported in 69 N. E. (2d) 169.